UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL S. BENT,
    Plaintiff

v.

PAMELA TALKIN, *et al.*,
    Defendants

Civil Action No. 17-2320 (CKK)

**MEMORANDUM OPINION**
(November 30, 2017)

The Plaintiff in this case is currently petitioning the United States Supreme Court for a Writ of Certiorari in a separate matter. He has brought this lawsuit, *pro se*, to challenge the method by which the Supreme Court has required him to deliver his petition. Before the Court is Plaintiff's [7] Application for Temporary Restraining Order and Preliminary Injunction. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court will DENY Plaintiff's Application. The Court will also DISMISS this case for lack of jurisdiction.

**I.    BACKGROUND**

In a separate proceeding, Plaintiff has filed suit challenging the constitutionality of a federal program related to child support payments. The details of that lawsuit are not relevant to the Application before this Court. What is relevant, however, is that Plaintiff's claims in that

---

[1] The Court's consideration has focused on the following documents:
- Pl.'s App. for Temporary Restraining Order and Preliminary Injunction ("Pl.'s App."), ECF No. 7;
- Defs.' Opp'n to Pl.'s App. for Temporary Restraining Order and Preliminary Injunction ("Defs.' Opp'n"), ECF No. 9; and
- Pl.'s Reply to Defs.' Opp'n to Pl.'s App. for Temporary Restraining Order and Preliminary Injunction, ECF No. 10 ("Pl.'s Reply").

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

lawsuit were dismissed, and he has allegedly filed a petition to the Supreme Court asking them to review that dismissal.

The case before this Court is about Plaintiff's struggles to ensure that an authentic copy of his petition makes its way to the Supreme Court in his other lawsuit. Plaintiff alleges that he first sent his petition through the United States Postal Service to the Clerk of the Supreme Court, but that the petition was "intercepted by Supreme Court police" and "sent to off-site inspection." Compl., ECF No. 1, at ¶ 17. Plaintiff alleges that "[a]fter four weeks of unexpected delay, the accompanying filing payment and certificates were reported missing." *Id.*

Plaintiff claims that he then arranged for the hand-delivery of his petition. *Id.* ¶ 18. His courier was allegedly informed that he was required by rule to leave the petition with police officers in a police booth outside of the Supreme Court building. *Id.* ¶ 21. The courier did so. *Id.* ¶ 22. Plaintiff was subsequently advised that the documents the courier had delivered had been—once again—sent off-site for inspection for safety purposes. *Id.* ¶ 23. The petition was later returned to the Supreme Court and docketed, but Plaintiff is concerned that the documents that were docketed may have been "tampered with" and may not be "authentic." *Id.* ¶ 25.

The focus of Plaintiff's complaint is a rule that he alleges requires his petition be left at the police booth outside of the Supreme Court instead of directly with the Clerk of the Supreme Court. The rule Plaintiff challenges ("the Rule") states that:

> Briefs that are delivered to the police booth at the North Drive of the Supreme Court building before 2:00 p.m. on a day that the Court is open for business will be delivered to the Clerk's Office that same day, provided that they are submitted in an open container. To be considered an "open container," the package containing the briefs may not be sealed or taped shut, and no envelopes or other containers within or attached to the package may be sealed or taped shut. Parties to merits cases are strongly encouraged to have briefs hand-delivered to the police booth at the North Drive of the Supreme

> Court building, rather than having those briefs delivered by U.S. mail or commercial carrier.

*Id.* ¶ 3.

Plaintiff alleges that there is no authority for the Rule, and that in fact the Rule contravenes other Supreme Court rules and regulations. *Id.* ¶¶ 30-40. Plaintiff also claims that the Rule violates his rights under the Fourth and Fifth Amendments to the United States Constitution.

After filing his lawsuit, Plaintiff filed the pending Application for Temporary Restraining Order and Preliminary Injunction. Plaintiff asks the Court to enjoin Defendants, the Marshal of the Supreme Court and the Chief of Police of the Supreme Court, from enforcing the Rule. Plaintiff requested that his Application be resolved by December 1, 2017. Plaintiff's petition has already been denied by the Supreme Court, and December 1, 2017 is Plaintiff's deadline to file a petition for rehearing.

## II. LEGAL STANDARD

"A preliminary injunction is 'an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) ("[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." (emphasis in original; quotation marks omitted)). "A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Aamer v. Obama*, 742 F.3d 1023, 1038 (D.C. Cir. 2014) (quoting *Sherley*, 644 F.3d at 392

(quoting *Winter*, 555 U.S. at 20) (alteration in original; quotation marks omitted)). "'When seeking a preliminary injunction, the movant has the burden to show that all four factors, taken together, weigh in favor of the injunction.'" *Abdullah v. Obama*, 753 F.3d 193, 197 (D.C. Cir. 2014) (quoting *Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1292 (D.C. Cir. 2009)). "The four factors have typically been evaluated on a 'sliding scale.'" *Davis*, 571 F.3d at 1291 (citation omitted). Under this sliding-scale framework, "[i]f the movant makes an unusually strong showing on one of the factors, then it does not necessarily have to make as strong a showing on another factor." *Id.* at 1291-92.

The Court notes that it is not clear whether this Circuit's sliding-scale approach to assessing the four preliminary injunction factors survives the Supreme Court's decision in *Winter*. *See Save Jobs USA v. U.S. Dep't of Homeland Sec.*, 105 F. Supp. 3d 108, 112 (D.D.C. 2015). Several judges on the United States Court of Appeals for the D.C. Circuit have "read *Winter* at least to suggest if not to hold 'that a likelihood of success is an independent, free-standing requirement for a preliminary injunction.'" *Sherley*, 644 F.3d at 393 (quoting *Davis*, 571 F.3d at 1296 (concurring opinion)). However, the Court of Appeals has yet to hold definitively that *Winter* has displaced the sliding-scale analysis. *See id.*; *see also Save Jobs USA*, 105 F. Supp. 3d at 112. In any event, this Court need not resolve the viability of the sliding-scale approach today as the Court determines that "a preliminary injunction is not appropriate even under the less demanding sliding-scale analysis." *Sherley*, 644 F.3d at 393.

### III. DISCUSSION

The Court will deny Plaintiff's Application for preliminary injunctive relief because all four of the traditional factors that the Court considers when assessing such a motion weigh heavily against entering an injunction. Moreover, the Court must dismiss this case in its entirety because it is clear that it lacks jurisdiction.

4

### A. Plaintiff Fails to Establish a Likelihood of Success on the Merits

The most fundamental reason that Plaintiff's Application for preliminary injunctive relief will be denied is that he has not established a likelihood of success on the merits of his claims. At its core, Plaintiff's lawsuit effectively asks this Court to decide that the Supreme Court—or certain components thereof, *e.g.*, the Clerk, Marshall or Chief of Police—is wrong to require Plaintiff's petition be filed a certain way, and to dictate how that Court's Clerk must accept filings in the future. This lawsuit is quite unlikely to succeed—and indeed will be dismissed— for the threshold reason that district courts may not "compel the Clerk of the Supreme Court to take any action." *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992). The Supreme Court itself has exclusive inherent supervisory authority over its own Clerk and, for that reason, district courts lack jurisdiction over cases challenging the filing practices of the Supreme Court. *See id.* (affirming dismissal of case in which plaintiff "claim[ed] the Clerk erroneously rejected certain of his filings"); *Gillenwater v. Harris*, No. CV 16-CV-495 (TSC), 2016 WL 8285811, at *1 (D.D.C. Apr. 12, 2016), *aff'd*, No. 16-5107, 2016 WL 6915556 (D.C. Cir. Oct. 5, 2016), *cert. denied*, 137 S. Ct. 1346, 197 L. Ed. 2d 521 (2017) (dismissing case for lack of jurisdiction where plaintiff sought "a declaratory judgement that a statute and rule governing filings in the Supreme Court [were] unconstitutional"); *Miller v. Harris*, No. CV 14-1330, 2014 WL 3883280, at *1 (D.D.C. Aug. 5, 2014), *aff'd,* 599 F. App'x 1 (D.C. Cir. 2015) (dismissing case where plaintiff "sue[d] the Clerk of the United States Supreme Court and other employees of that office for returning his petition for writ of habeas corpus" because the court lacked "jurisdiction to review the decisions of the United States Supreme Court, including those of its Clerk of Court.").

In Plaintiff's Reply, he responds to this argument by claiming that the Court does have jurisdiction over this case because the Rule at issue is allegedly in conflict with the official Rules of the Supreme Court. Even if this were true, it would go to the merits of Plaintiff's claim, not the Court's jurisdiction. The Court lacks jurisdiction regardless of *why* Plaintiff claims the Rule is invalid, because the Court simply cannot tell the Supreme Court how to handle its filing system. This jurisdictional hurdle makes it impossible for Plaintiff to succeed on the merits of his claims.[2] This not only weighs against the Court granting Plaintiff's Application, it also requires that the Court dismiss this case for lack of jurisdiction.

### B. Plaintiff Fails to Show Irreparable Injury

Plaintiff's failure to demonstrate that he will suffer irreparable injury in the absence of preliminary injunctive relief also weighs against his Application. To show that a preliminary injunction is warranted, Plaintiff must demonstrate that there is a likelihood of irreparable harm. *See Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) ("A movant's failure to show any irreparable harm is therefore grounds for refusing to issue a preliminary injunction, even if the other three factors entering the calculus merit such relief."). The Court of Appeals for the D.C. Circuit "has set a high standard for irreparable injury." *Id.* "First, the injury 'must be both certain and great; it must be actual and not theoretical.'" *Id.* (citation omitted). "Second, the injury must be beyond remediation." *Id.*

Here, any harm Plaintiff fears may befall him is entirely speculative. The Court understands that Plaintiff fears that his papers may be tampered with if he files them according to

---

[2] Defendants also argue that Plaintiff is unlikely to succeed on the merits because officers of the Supreme Court enjoy immunity from suits for monetary damages based on actions within their official duties. The Court agrees with Defendants as a legal principle, but the Court does not rest its decision to deny Plaintiff's Application on this principle. Although Plaintiff's Civil Cover Sheet does state a demand of $450, ECF No. 1-1 at 2, the Prayer for Relief in Plaintiff's actual Complaint does not request money damages, Compl. at 14.

6

the Supreme Court's delivery rules. But Plaintiff has presented nothing but his own unfounded speculation to support that theory. Not only is there no evidence that anyone will tamper with his filings, Plaintiff has not even offered a plausible motive or incentive for anyone to do so. Plaintiff does not explain why the individuals who are allegedly conducting the safety inspections of his documents—the identities of whom he does not know—have any reason to do him harm. Mere speculation is far from sufficient to establish an entitlement to preliminary injunctive relief. *Id.* (holding that an irreparable injury must be "actual and not theoretical").

## C. Public Interest and the Balance of Hardships

Finally, the Court also finds that the balance of hardships and the public interest weigh against granting Plaintiff's Application. Enjoining the challenged rule could harm Defendants and the public. As the Court understands it, the challenged Rule is in place to ensure the safety of the Supreme Court. This is clearly a weighty and legitimate public interest. The Court is well aware that our Nation's federal courts—and the Supreme Court in particular—have been the target of attacks through the mail or other deliveries in the past. *See, e.g.*, Anne Gearan, *Supreme Court Mail Has Anthrax Scare*, WASHINGTON POST, Oct. 26, 2001, http://www.washingtonpost.com/wp-srv/aponline/20011026/aponline134723_000.htm. No significant hardship to Plaintiff has been shown that would outweigh this important public safety interest. In fact, as explained above, the Court is not satisfied by Plaintiff's showing that maintaining the Supreme Court's filing rules will cause him any harm at all.

## D. Dismissal for Lack of Jurisdiction

For the same reasons that the Plaintiff has not demonstrated a likelihood of success on the merits of his claims, the Court must dismiss this case. It is clear that the Court lacks jurisdiction over Plaintiff's lawsuit. *See In re Marin*, 956 F.2d at 340 (district courts may not "compel the

7

Clerk of the Supreme Court to take any action"). Despite the fact that no motion to dismiss has been filed, the Court may not ignore this lack of jurisdiction. It must dismiss this case. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## IV. CONCLUSION

For the foregoing reasons Plaintiff's Application for Temporary Restraining Order and Preliminary Injunction will be DENIED and this case will be DISMISSED. An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge